UNITED STATES DISTRICT COURT       O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ARTURO DEHOYOS § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. L-06-152 |
| § | CRIMINAL CASE. NO. L-04-2040-1 |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Arturo De Hoyos's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Dkt. No. 20].[1] The Court has reviewed the pending motion, Petitioner's supporting memorandum of law, [Dkt. No. 21], and the record of the prior proceedings. Based on this review and the application of governing legal authorities, the Court finds that one of the grounds presented for relief is properly before the Court, and that the other grounds are barred because they constitute a successive § 2255 motion. With regard to the ground properly before the Court, Petitioner is not entitled to relief. Accordingly, the Court hereby DENIES IN PART and DISMISSES WITHOUT PREJUDICE IN PART Petitioner's motion.

**I.     PROCEDURAL BACKGROUND AND RELEVANT FACTS**

In September 2004, a federal grand jury in Laredo, Texas, returned a two-count indictment against Petitioner. [Cr. Dkt. No. 9]. Count Two of the indictment charged Petitioner with possession with intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A) and 18 U.S.C. § 2. [*Id.*]. Thereafter, an Information for Prior Conviction was filed, which indicated that Defendant was previously convicted on October 3,

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title for each filing. "Dkt. No." will be used to refer to the filings in case number L-06-cv-152. "Cr. Dkt. No." refers to the docket entries in criminal case number L-04-cr-2040-1.

1997 for felony possession of marihuana and on February 19, 2001 for felony possession of marihuana. [Cr. Dkt. No. 14]. Based on these two prior convictions, the Government asserted that Petitioner's penalty range should be enhanced pursuant to 21 U.S.C. § 841.[2] [*Id.*]. On December 8, 2004, Petitioner entered into a plea agreement and pled guilty to Count Two before Magistrate Judge Adriana Arce-Flores ("the Magistrate Court"). [Cr. Dkt. Nos. 17, 18 & 35]. On October 25, 2005, this Court sentenced Petitioner to life in prison without release. [Cr. Dkt. No. 35]. On the same day, Petitioner filed a Notice of Appeal. [Cr. Dkt. No. 33]. The Court of Appeals for the Fifth Circuit subsequently dismissed Petitioner's appeal for want of prosecution. [Cr. Dkt. No. 37].

On October 24, 2006, Petitioner filed a § 2255 motion, arguing that he received ineffective assistance of counsel because his attorney "promised him that if he [pled] guilty, he would receive a sentence of no more than 120 months imprisonment[,]" and that he suffered from prosecutorial misconduct because the Government promised him that he "would . . . be sentenced to no more than 120 months in prison." [Dkt. No. 1 at 4-5]. Additionally, Petitioner argued that he received ineffective assistance of counsel because his attorney failed to pursue or perfect his appeal and that his appeal was consequently dismissed. [*Id*. at 5]. Focusing on the alleged failure of Petitioner's counsel to perfect his appeal, the Court ordered the Government to respond to Petitioner's § 2255 motion. The Government agreed that Petitioner suffered from ineffective assistance. Consequently, the Court ordered the Clerk of the Court to vacate the Court's judgment against Petitioner and immediately reinstate the same in order to begin the applicable ten-day period for Petitioner to file a notice of appeal. [Dkt. No. 14].

Petitioner subsequently filed a Notice of Appeal. [Cr. Dkt. No. 58]. On appeal,

---

[2] In pertinent part, 21 U.S.C. § 841 provides: "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release. . . ." 21 U.S.C. § 841(b)(1)(A).

Petitioner contended that his plea was rendered involuntary because his trial counsel misadvised him that, if he pled guilty, he would receive no more than 10 years in prison and would avoid a mandatory sentence under 21 U.S.C. § 841(b)(1)(A). [Cr. Dkt. No. 74]. On August 4, 2008, the Fifth Circuit affirmed this Court's judgment and declined to address Petitioner's claim, noting that § 2255 is the preferred vehicle for raising a claim of ineffective assistance of counsel. On September 28, 2010, Petitioner filed the instant § 2255 motion, in addition to a supporting memorandum of law. [Dkt. Nos. 20 & 21].

## II. DISCUSSION

In the instant motion, Petitioner raises issues not previously raised through his previous § 2255 motion. Petitioner argues, first, that the Court obtained his conviction and imposed his sentence without jurisdiction because it did not make a final determination as to the Magistrate's Report and Recommendation to accept his plea of guilty. [Dkt. 21 at 5]. Second, Petitioner argues that he received ineffective assistance of counsel because a conflict of interest existed between himself and his counsel, Mr. Armando Trevino. [Dkt. No. 21 at 9]. Specifically, he alleges that his counsel was hired by a third party, "who was an operator of the alleged criminal enterprise that employed Petitioner in the instant offense." [*Id*.].

Third, Petitioner asserts that he received ineffective assistance as a result of his counsel's recommendation that he accept the government's plea offer. Specifically, he alleges that his guilty plea was made upon his counsel's advice that "he would receive an advisory guideline sentence, with a reduction for acceptance of responsibility, with a minimum mandatory of 120 months imprisonment." [*Id*. at 15]. Fourth, Petitioner argues that his counsel failed to object to the Government's breach of his plea agreement, stemming from its failure to recommend a "'sentence at the appropriate level of the sentencing guidelines.'" [*Id*.]. Fifth, Petitioner asserts

that his counsel did not investigate an insanity defense or request a competency examination. [*Id*. at 18]. Finally, he alleges that the Government's conduct denied him the right to effective assistance of counsel and the right to a fair trial. [*Id*. at 20].

With the exception of Petitioner's third ground for relief—his claim that his plea was based upon his counsel's representation of the imprisonment term he would receive—none of these specific claims were presented in his previous motion. Because these claims could have been presented previously, Petitioner's pending § 2255 motion is a second or successive motion. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (holding that an application is "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ").

The plain language of 28 U.S.C. § 2255 provides that this Court cannot entertain a second or successive motion until a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner has failed to obtain the necessary authorization from the Fifth Circuit prior to the filing of this successive motion. Any explanation that Petitioner might present for his prior failure to raise the new claims asserted in the current motion must be presented to the Fifth Circuit for its consideration in deciding whether to authorize the filing of the successive motion in this district court. Absent the requisite authorization, this Court is without jurisdiction to consider the above-noted claims. *See Key*, 205 F.3d at 774. Accordingly, Petitioner's claims are

DISMISSED WITHOUT PREJUDICE.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the pending motion is clearly successive and without authorization, the Court concludes that jurists of reason would not debate whether Petitioner has stated a valid claim or whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

The claims within Petitioner's third ground for relief, however, which allege ineffective assistance in relation to his reliance on his counsel's alleged representation in entering his guilty plea, were raised in his previous § 2255 motion. The Court dismissed this claim without prejudice in order to allow Petitioner to pursue his out-of-time appeal. Under these circumstances, Petitioner's claim is not "second or successive." *See Orozco-Ramirez*, 211 F.3d at 871 n.15. The claim is therefore properly before the Court and addressed as follows.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories, including: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Petitioner argues that he received ineffective assistance of counsel, a claim of

constitutional proportion. Under the two-prong test for a claim of ineffective assistance of counsel, Petitioner must show: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A reviewing court need not consider either prong of the test in any particular order. *Id*. at 697. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that adequate assistance was rendered. *Id*. at 689-90. All significant decisions are presumed to be made "in the exercise of reasonable professional judgment." *Id*. There are few specific instances where a presumption of prejudice exists, but "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Id*. at 692-93.

Petitioner avers that, in entering into the plea agreement and deciding to plead guilty, he relied on his counsel's advice that "he would receive a 'reduction for acceptance of responsibility' and 'sentenced at the appropriate level of the sentencing guidelines, with a mandatory minimum sentence of 120 months.'" In his previous § 2255 motion, Petitioner averred that he received ineffective assistance because his attorney promised him that if he pled guilty, he would receive a sentence of no more than 120 months imprisonment. [Dkt. No. 1 at 4]. According to Petitioner, he "would not have [pled] guilty if not for the promise of no more than 120 months in prison." [*Id*.].

As an initial matter, the Court notes that the representations alleged by Petitioner to have been made by counsel are distinct: in his previous § 2255 motion, he alleged that he was promised he would receive a mandatory minimum of 120 months; and in his second § 2255 motion, he alleges that he was advised that he would receive no more than 120 months. Yet even

assuming for the moment that Petitioner's counsel made either representation, Petitioner cannot show prejudice. During re-arraignment, the Magistrate Court asked the Government to state the maximum penalty for Petitioner. [Cr. Dkt. No. 46 at 9]. The Government stated that Petitioner's penalty involved mandatory life imprisonment without release, and also explained that Petitioner's sentence had been enhanced with two prior drug convictions (felony possession of marihuana on October 3, 1997 and felony possession of marihuana on February 19, 2001). [*Id*.]. The Magistrate Court then explained to Petitioner that he had heard "the maximum penalty to be imposed by the District Court." [*Id*. at 10]. The Magistrate Court reiterated that an enhancement for his prior convictions had been filed, and then asked Petitioner whether he understood and had been made aware of the enhancement. [*Id*.]. Petitioner replied affirmatively. [*Id*.]. Furthermore, the plea agreement, which Petitioner personally signed, states:

> The [Petitioner] . . . acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) to which the [Petitioner] pleads guilty . . . The [Petitioner] is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel . . . is not a prediction, not a promise, and is not binding on the . . . Court.

[Dkt. No. 18, ¶¶ 8-10]. Because Petitioner pled guilty with the understanding that his sentence was subject to an enhancement, and that his penalty involved a mandatory life sentence without release, he cannot show that he suffered prejudice as a result of being "promised" otherwise.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion is DENIED IN PART and DISMISSED WITHOUT PREJUDICE IN PART. Additionally, should Petitioner file for a

Certificate of Appealability, such is DENIED.

IT IS SO ORDERED.

DONE this 7th day of July, 2010 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**